## CIRCUIT COURT OF AMHERST COUNTY

Tiffany S. Kidd

v.

David Wall
and Wall Construction, L.L.C.

February 10, 2010

Case No. CL6942

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on whether the motion of the defendants to submit this case to arbitration should be granted. In this regard, I find that the defendants have waived their right to arbitration. Accordingly, this case will proceed to trial in the circuit court.

This is a case brought by the plaintiff for breach of a construction contract to build a log home. It was filed on January 22, 2008. The defendants have filed an answer and a cross-claim seeking damages for unpaid bills related to the construction. The court file discloses that the parties have proceeded with both formal and informal discovery. Depositions have been taken, and interrogatories have been filed. Additionally, the file reflects that the parties have informally provided information. Further, the case was scheduled for a jury trial on February 5, 2010, which was cancelled due to weather conditions.

Defendants now seek to have this case referred for arbitration. This is an oral motion made to the court. There is no written motion filed nor any allegation in the answer and cross-claim that arbitration should be required. Nonetheless, in their motion, the defendants allege that the construction contract requires that the parties submit any dispute to arbitration.

Virginia has a policy in favor of arbitration. Va. Code § 8.01-581.02(A) provides that a court "shall order the parties to proceed with arbitration" if there is an agreement to arbitrate. There is no Virginia appellate case law on whether arbitration can be waived. However, the Fourth Circuit Court of Appeals, interrupting the Federal Arbitration Act, has considered this issue. The Fourth Circuit Court of Appeals has held that a party "may waive its right to insist on arbitration if the party so substantially utilizes the litigation

machinery so that to subsequently permit arbitration will prejudice the party opposing the stay." *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249-50 (4th Cir. 2001). Thus, in the instant case, this court must determine whether the trial-warranted activity of the parties has caused actual prejudice to the plaintiff.

I do find that there is actual prejudice to the plaintiff at this stage. The considerable efforts of the parties through discovery and preparation of trial imposes a prejudice on the plaintiff to now send this case to arbitration. The issues in this case are straightforward. They are simply whether workmanship standards have been met by the defendants and whether the plaintiff owes any additional money for the construction of the home. To now redirect this case to arbitration would be a considerable hardship on the plaintiff to prepare for a different type of proceedings in a different forum. Due to this actual prejudice, I find that the defendants have waived their right to arbitration.